# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F., | ) | |
| | ) | |
|     Plaintiff, | ) | No. 17 C 6948 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's counsel has moved for approval of attorney's fees to be paid to him out of the plaintiff's past-due benefits pursuant to 42 U.S.C. §406(b). On remand from this court, an Administrative Law Judge for the Social Security Administration determined that plaintiff was disabled and entitled to benefits, including $90,672 in past-due benefits. Plaintiff and her counsel had a contingency fee agreement whereby she would pay counsel 25% of any such award which, in this case, would come to $22,668. Counsel received $6,000 for representing plaintiff at the administrative level, which leaves $16,668 as an appropriate award following the setoff for the fees counsel already recouped. [Dkt. #33, ¶. 5]; *see Astrue v. Ratliff*, 560 U.S. 586, 595 (2010) ("Section 206(b) provides that no violation of law occurs "if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d) ], the claimant's attorney refunds to the claimant the amount of the smaller fee."); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refund[d] to the claimant the amount of the smaller fee.'").

For the hours counsel worked on this case, the 25% contingency fee would equate to an hourly rate of about $490 per hour. While the lodestar method doesn't necessarily rule the day in a contingency fee setting, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 808 (2002), $490 per hour is not out of line with rates of awards in other cases. More importantly, counsel obtained an excellent result for plaintiff, *see Gisbrecht*, 535 U.S. at 808, and the Commissioner, who acts as something like a trustee for the claimant in these situations has no objection to the amount sought. *See id.*, 798 n.6. While we agree with the Commissioner that some plaintiff's counsel in these cases have tended to overstate the risk factor to contingency fees in this District and Circuit, *see Terese F. v. Saul*, 396 F. Supp. 3d 793, 796 (N.D. Ill. 2019); *Dettloff v. Astrue*, 2015 WL 3398366 (N.D. Ill. May 27, 2015); *Dettloff v. Colvin*, 2015 WL 3855332 (N.D. Ill. June 22, 2015), and would urge that such arguments be dispensed with in the future – unless counsel can provide some statistical support– that is not reason to reduce the award in this instance. Accordingly the motion for approval of fees pursuant to §406(b) [Dkt. #33] is granted.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/16/20